[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  12-10188
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cr-00361-RWS-AJB-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OLIVER MACIEL-MACEDO,
a.k.a. Gallo,
a.k.a. Oliver,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 31, 2012)

Before BARKETT, PRYOR and JORDAN, Circuit Judges.

PER CURIAM:

Oliver Maciel-Macedo appeals the 200-month sentence imposed by the district court after he pled guilty to (1) conspiracy to possess at least five kilograms of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(ii); (2) two counts of possession of at least five kilograms of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii), and 18 U.S.C. § 2; (3) conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), (a)(2)(A), (a)(2)(B)(i), (a)(2)(B)(ii), and (h); and (4) money laundering, in violation of 18 U.S.C. § 1956(a)(2)(A). Mr. Maciel-Macedo contends that there was insufficient evidence to support the district court's three-level enhancement of his offense level pursuant to U.S.S.G. § 3B1.1(b). After reviewing the parties' briefs and the record, we find no error and affirm.

A district court's determination of a defendant's role in an offense is a finding of fact, which we review for clear error. *See United States v. Barrington*, 648 F.3d 1178, 1200 (11th Cir. 2011). A three-level role enhancement is warranted "[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive[.]" U.S.S.G. § 3B1.1(b). To qualify for this enhancement, the defendant "must have been the organizer, leader, manager, or supervisor of one or more other participants." U.S.S.G. § 3B1.1, cmt. n. 2. The defendant, however, "does not have to be the sole

2

leader or kingpin of the conspiracy in order to be considered an organizer or leader within the meaning of the Guidelines." *United States v. Vallejo*, 297 F.3d 1154, 1169 (11th Cir. 2002). But "there must be evidence that the defendant exerted some control, influence or decision-making authority over another participant in the criminal activity." *United States v. Martinez*, 584 F.3d 1022, 1026 (11th Cir. 2009).

Mr. Maciel-Macedo does not contest that his offense of conviction involved five or more participants or was otherwise extensive. Rather, he argues that there was insufficient evidence to support the three-level enhancement under U.S.S.G. § 3B1.1(b) because the undisputed facts show that he was merely an employee of a multi-million dollar drug conspiracy with no managerial authority. The government responds that the facts support a three-level enhancement because Mr. Maciel-Macedo, as the head of the Atlanta cell of a multi-million dollar drug conspiracy, had some decision-making authority and supervised, managed, and directed at least three others participants.

The undisputed facts show that Mr. Maciel-Macedo was responsible for the distribution of cocaine in Atlanta at the direction of a Mexican drug cartel. Although Mr. Maciel-Macedo did not have the authority to determine what amount of cocaine would be distributed or what prices to set for that cocaine, he did have some discretion and authority to make decisions. Mr. Maciel-Macedo had the authority to

3

choose how the drugs would be delivered and had the authority to direct the actions of some subordinates. For example, Mr. Maciel-Macedo was given the authority to determine what vehicles and what routes would be taken to ensure the safe delivery of the drugs. In conjunction with his responsibility to ensure reliable delivery of the drugs, Mr. Maciel-Macedo was given the authority to pay bills, register vehicles, and perform other tasks to ensure that the operation did not gain the attention of law enforcement.

In addition, the evidence showed that Mr. Maciel-Macedo supervised and gave instructions to other members of the organization. For example, on August 4, 2009, Mr. Maciel-Macedo instructed two men – Mr. Morales-Samano and Mr. Sanchez-Morales – to closely follow behind him in a car while he delivered money and picked up drugs. Furthermore, the evidence demonstrated that another man named Jimmy Silva picked up money and delivered drugs to various locations at the direction of Mr. Maciel-Macedo.

Mr. Maciel-Macedo contends that he was merely carrying out the instructions of his supervisors and was acting as a member of a team and not as a manager or supervisor. We have held, however, that a defendant's subordinate role does not absolve him of his supervisory role when he coordinates and manages the delivery and transportation of drugs. *See United States v. Jones*, 933 F.2d 1541, 1546-47 (11th

4

Cir. 1991) (affirming enhancement pursuant to § 3B1.1(b)). Here, as in *Jones*, Mr. Maciel-Macedo made unilateral decisions regarding how shipments would be received and was responsible for ensuring that the operation would be successful. Additionally, as we have noted, there was evidence that Mr. Maciel-Macedo exerted some control, influence or decision-making authority over at least three other participants of the conspiracy.

Accordingly, the district court did not clearly err in finding that Mr. Maciel-Macedo was a manager or supervisor under § 3B1.1(b). Mr. Maciel-Macedo's sentence is affirmed.

**AFFIRMED.**